## Roth et al. v. Thacher et al.

*I. Berger*, for plaintiffs.

*H. M. Miller*, for defendants.

ALESSANDRONI, J., June 23, 1948.—This is an action in assumpsit to recover for services rendered by professional architects under a written contract of employment. Defendants filed an answer to the amended complaint, setting forth new matter, and also presented a counterclaim, to which pleading plaintiffs filed the preliminary objections now before us.

The amended complaint avers that plaintiffs are practicing architects who, on August 29, 1946, entered into a written contract with defendants, copartners engaged in the business of cleaning and dyeing, under the terms of which plaintiffs agreed to perform professional services in connection with the construction of a cleaning and dyeing establishment to be erected by defendants.

The contract provided that plaintiffs were to receive a fee of eight percent of the cost of construction. The parties used the standard form of agreement printed by the American Institute of Architects and interpolated therein certain typewritten clauses. Architects' services are defined in the contract to include the necessary conferences, the preparation of preliminary studies, working drawings, specifications, large scale and full sized detail drawings, the drafting of forms of proposals and contracts, the issuance of certificates of payment, the keeping of accounts, the general administration of the business and supervision of the work. Under section 4 thereof entitled "extra services and special cases" the parties inserted a provision that if any work designed or specified by the architect is abandoned, the architect was entitled to be paid in

accordance with a schedule of payments set forth in paragraph 5.

Paragraph 5 originally provided that upon the completion of preliminary *studies* an unspecified amount was to be paid. In lieu thereof the parties inserted the phrase "upon completion of preliminary *sketches*, the sum of $250". The payment schedule provides "upon completion of specifications and general working drawings (exclusive of details)" the architects were to be paid 75 percent of their fee computed upon "a reasonable cost estimated on such *completed specifications and drawings*" or if bids had been received, then upon the lowest bona fide bid.

The amended complaint avers that on January 15, 1947, plaintiffs had completed the necessary conferences and preliminary studies and "had substantially completed the general working drawings (exclusive of details) as well as the specifications and had submitted said plans, working drawings and specifications to the defendants". The insertion of the words "said plans" is distinctly ambiguous unless it refers to the preliminary studies. It is then averred that in January 1947, without setting forth the date, plaintiffs obtained bids from various contractors "in accordance with the substantially completed working drawings and specifications". The allegation that follows, however, indicates that the bids were in writing dated January 10th, or earlier, the lowest of which was in the sum of $90,000. Moreover, it is averred that these bids were submitted to defendants on January 10, 1947, at which time defendants directed plaintiffs not to do any further work on the general working drawings and specifications. The complaint proceeds with an allegation that on or about May 15, 1947, defendants abandoned the project and thereby prevented plaintiffs "from finally completing the substantially completed plans and specifications".

Plaintiffs seek to recover six percent (being 75 percent of the total of eight percent) of $90,000, as their

fee, less a credit of $250 for the moneys paid on account for the preliminary sketches, and less a further credit of $250 representing the value of plaintiffs' services necessary to complete finally the substantially completed general working drawings and specifications.

The answer of defendants sets forth that plaintiffs' work never proceeded beyond the conference stage and the preparation of preliminary sketches. They deny that the specifications and general working drawings (exclusive of details) were completed and further aver that completion of such work was necessary in order to secure reliable and binding bids. Moreover, it is averred that plaintiffs assured defendants that if they approved the preliminary sketches, the working drawings and specifications would be completed before plaintiffs invited bidders to submit proposals. It is then averred that the bids obtained by plaintiffs were based exclusively upon the preliminary sketches and oral information furnished to the bidders by plaintiffs in lieu of prepared or written specifications. Moreover, it is averred that these sketches are lacking in adequate and sufficient information to support a binding bid since they fail to show such essential details as the size of the beams or columns, the character and kind of materials and size of roof trusses, the kind of materials to be used for interior partitions and wall finish, the size and type of doors, the kind and character of materials to be used for the floors and walls of the toilet rooms, the insulation in the first storage vault, the kind and character of material to be used in basement partitions, the floor finishings of the office and store, any heating layout or the kind, character, location and measurements of radiation and heating pipes, the kind and character of boiler, the kind and character of materials to be used for roof structure and roof framings, and finally all reference to electrical work. Moreover, it is alleged that by reason of the foregoing the bids were not bona fide.

It is then averred that prior to the execution of this contract, defendants advised plaintiffs that they had a limited sum available for the program, to wit, $40,-000. It is denied that defendants directed plaintiffs to cease work after January 10, 1947, and on the contrary it is averred that plaintiffs failed to do any work because the tentative estimates or bids were greatly in excess of defendants' budget.

By way of new matter, defendants aver that prior to the execution of this contract, defendants and plaintiff examined a tract of ground which defendants contemplated purchasing. Plaintiffs assured defendants that they could design a building to be constructed on this tract of ground which would not exceed defendants' budget of $40,000. On or about August 9, 1946, it is alleged, in reliance upon plaintiffs' special knowledge and experience as architects and their special familiarity with construction matters and costs, and in further reliance upon the assurance that the cost of the building would not exceed $40,000, defendants entered into a written agreement for the purchase of the land and paid $1,000 as a deposit therefor. It is averred that they would not have entered the agreement for the purchase of this land except for the reliance they had placed upon plaintiffs and the assurances given. It is then averred that when plaintiffs advised defendants that it was impossible to keep the cost of construction within their budget, defendants abandoned the project. Based upon the allegations set forth in new matter defendants presented their counterclaim for the recovery of the sums paid on account both to the architects and to the owners of the ground.

Plaintiffs' preliminary objections in the nature of a demurrer seek a summary judgment. It is firmly established that such a judgment can only be entered in cases which are clear and free from doubt. We cannot agree with plaintiffs that the only jury question presented under these pleadings is the amount of the award

to plaintiffs. On the contrary, we believe that a real question of fact has been raised of plaintiffs' right to any recovery at all. By the terms of the contract, their right to compensation is conditioned upon the completion of specifications and general working drawings. The answer avers that their services never went beyond the stage of necessary conferences and preliminary studies and sketches. On a project of this size we believe that specifications require written, detailed specifications, based upon general working drawings, and not preliminary sketches, supplemented by oral information. We seriously question that the well-established doctrine of substantial performance can apply in the instant case. We do not believe an analogy exists between this action and one in which a contractor, who has substantially constructed a building, attempts to recover for work and labor done. The contract is clear in setting forth a condition precedent to payment under paragraph 5. This requires completed specifications and general working drawings, and nothing else will suffice to fulfill that condition. Moreover, the pleading clearly indicates that the alleged bona fide bids were received and exhibited to defendants at least five days before plaintiffs had even "substantially" performed their obligation, and it is evident that under their own pleading they could not have submitted to the prospective contractor general working drawings and specifications upon which to make their bids.

It may well be that plaintiffs, as defendants suggest, did not choose to go beyond the stage of preliminary sketches, knowing full well the limitation of defendants' budget, and chose to obtain tentative bids based on these sketches, supplemented by such oral information as they could give, in order to determine whether there was any practical hope of carrying this project through to completion. We cannot stultify ourselves by ignoring the fact that a contractor in such a situation would compute his bid with a sufficient

margin of safety to allow for subsequently submitted detailed requirements. We therefore conclude that a summary judgment in favor of plaintiffs cannot be entered and that the jury will have to decide whether plaintiffs are entitled to any recovery at all.

Plaintiffs seek to strike off the counterclaim on the ground that the matter violates the parol evidence rule as enunciated in that line of cases beginning with Gianni v. R. Russell & Co., Inc., 281 Pa. 320. We are of the opinion that the allegations did not violate the terms of the written contract, which is silent on the subject of the total cost of construction. We would agree that an attempt to limit plaintiffs' compensation for services might be in violation of the parol evidence rule, but the allegations contained in this counterclaim in no way seek to restrict that compensation to a maximum of eight percent of $40,000. The counterclaim is based upon occurrences which were completed prior to the execution of the contract. Except for that portion of the counterclaim which seeks to recoup the sum paid for the preliminary sketches, it is confined to a claim for moneys paid by defendants for the purchase of land on August 9, 1946, 20 days before this contract was executed, which, it is alleged, were expended only because of the representations made by plaintiffs as persons of superior skill and knowledge.

It is not our province in considering preliminary objections to determine the rights of the parties and to weigh the merits of their respective contentions. At this stage of the proceeding, however, it is clear that we have no right to enter a summary judgment and that in disposing of this controversy finally we should be entitled to the benefit of a hearing on the merits.

### Order

And now, to wit, June 23, 1948, plaintiffs' preliminary objections to defendants' answer, new matter and counterclaim are dismissed.